## Bracken v. Lam Coal Company.

(Decided April 22, 1914.)

### Appeal from Muhlenberg Circuit Court.

Master and Servant—When Servant May Rely Upon Presumed Knowledge of Master.—Where a workman is at work in a place known to be more or less dangerous, but is working under the immediate or direct orders of his superior, and that superior after an investigation expresses an opinion that the place is safe, or directs him to proceed with the work, the workman has a right

to rely upon the presumed superior knowledge of the master, and proceed with the work, unless the danger is so obvious as that no reasonable man in the exercise of fair judgment for his own safety would continue to work in it even under the orders of his master.

HOWARD & GRAY and R. Y. THOMAS, JR., for appellant.

T. J. SPARKS for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Reversing.

Appellant instituted this action for damages against appellee for injuries received by him while at work in its mine, caused by the falling of slate, rock, and coal upon him.

The petition alleges that for some months prior to November, 1912, appellant had been employed in defendant's mine as a loader of coal, but that during that month he was employed by the defendant to assist in timbering certain parts of its said mine, the plaintiff being inexperienced in such work; that defendant negligently failed to furnish him a safe place to work, and negligently failed to warn him of the dangers in said work, and that defendant's foreman, under whom he was working, directed the plaintiff into an unsafe place, and negligently assured him that the place was safe, when in fact it was dangerous.

The defendant answered, denying the material allegations of the petition, and in a separate paragraph pleaded contributory negligence.

At the close of the plaintiff's testimony the lower court directed a verdict to be returned for the defendant, which was done, and from the judgment on that verdict the plaintiff has appealed.

The plaintiff in his own evidence testifies that he was a member of a night shift composed of Taylor, the foreman and three other men including himself; that they would go into the mine late in the afternoon and do such work as they were directed to do by the foreman Taylor, but that Taylor before going in received orders from the higher officials as to what should be done on that particular night; that upon the night of the injury, acting under orders, they were to timber a certain mine entry, and a certain room-neck in another part of the mine; that they first went to the entry and started to timber that, but in the opinion of Taylor it was too dan-

gerous to work there, and they proceeded to the room-neck.

When they went to work in the room-neck Taylor directed appellant to cut a hitch in one end of the room, and directed another workman to cut another hitch on the opposite side, a hitch being a place cut in the coal or sides of the mine in which to rest the end of the timber; the workman on the other side of the room detecting a piece of loose slate asked appellant to assist him in taking it down, which was done, and it was then suggested that they investigate and see if there was any other loose slate, whereupon the foreman, Taylor, took his pick and sounded the slate and said it was alright, and directed appellant to go ahead and cut the hitch; that he proceeded and had not struck over a dozen licks thereafter when the slate fell upon him.

The foreman, Taylor, testified that a while before the slate fell he had sounded the roof, and although it sounded "drummy" he pronounced it safe enough to work under until they could get the timbers up; that that was his best judgment, and he was there working under it himself, and when the slate fell one end of it struck him.

Under this evidence the action of the lower court was doubtless based upon the idea that the nature of the work was known in advance to be dangerous, and it was not the duty of the defendant to furnish a safe place in which to work. But, the facts of this case bring it within a well recognized exception to that rule, viz.: that where one is working under the immediate and direct orders of his superior, and that superior after an investigation expresses an opinion that the place is safe, or directs him to proceed with the work, the workman has a right to rely upon the presumed superior knowledge of the master and proceed with the work, unless the danger is so obvious and apparent as that no reasonable man in the exercise of a fair judgment for his own safety would continue to work in it even under the orders of his master.

The case of Ballard & Ballard v. Lee's Admr., 131 Ky., 412, was where Lee had been directed to remove certain roofing from a building which was being repaired, and while so engaged fell through the roof and was killed. This court in that case distinctly recognized this doctrine, and said:

"If there was any evidence that Lee knew, or by the exercise of ordinary care could have discovered, that the place was unsafe, Ballard & Ballard Co. would not be liable, unless, with knowledge of its dangerous and defective condition, they directed him to do the work, and, depending on their assurance, he engaged in it, and, even, under circumstances like these, they would not be liable if the danger was so obvious that a person in Lee's situation, with his intelligence and understanding, ought not to have undertaken it."

The case of Runions v. Keller & Brady Co., 141 Ky. 827 was where a workman in a tunnel was directed by the foreman to scale the roof thereof, and was assured by the foreman that it was safe. The court, after citing numerous authorities, said:

"From these authorities, it is clear that the established rule is, that where a servant proceeds under the express orders of his superior in performing an act whereby he is exposed to unusual danger; and sustains an injury from it, the master is liable unless the result of the act was realized by the servant, or was so apparent that no man of ordinary prudence situated as he was would have undertaken it."

The case of Dryden v. Pogue Distillery Co.,26 Rep., 528, was where an inexperienced workman was directed to use certain machinery with which he was not familiar, and was injured, he being assured at the time that it was not dangerous. The court, after citing authorities, said:

"An ignorant or inexperienced servant must, of necessity, rely upon the superior wisdom of his employer, or those who stand in the employer's stead with reference to him, and we are unable to say that the danger in performing the work at which appellant was engaged was so obviously apparent that a prudent man would not have continued it under the circumstances."

See also C. & O. Ry. Co. v. Sheppard, 153 Ky., 350; Sherman & Redfield on Negligence, Vol. 1, Sec. 186, Fifth Edition; City of Owensboro v. Gabbard, 135 Ky., 346; Cyc., Vol. 26, page 1185.

The evidence in this case shows that appellant was working under the immediate direction and supervision of the foreman who was present; that after the safety of the place had been called in question the foreman made an examination and pronounced it safe for the

time being and directed him to proceed, and surely under these circumstances an inexperienced workman had the right to substitute for his own judgment the presumed superior judgment of the foreman, there being so far as the evidence shows no such obvious danger as would have justified the workman in refusing to carry out the orders of his foreman, or in declining to substitute the judgment of the foreman for his own.

The judgment is reversed with directions to grant appellant a new trial, and for further proceedings consistent herewith.